PECOS & NORTHERN TEXAS RAILWAY COMPANY v. RAILROAD COMMISSION OF TEXAS.

Decided June 16, 1909.

**Railway—Station—Starting Place—Connections at State Line—Railroad Commission.**

The starting place of a railway which begins at the State line is by law a station, and the railroad commission has power to require suitable depots and station buildings to be provided at such point though the company use the depot of a connecting line, under the same management, beyond the State line. Railroad Commission of Texas v. Chicago, R. I. & G. Ry. Co., 102 Texas, 393, followed.

Appeal from the District Court of Travis County. Tried below before Hon. Geo. Calhoun.

*J. W. Terry, N. A. Steadman, S. R. Fisher* and *A. H. Culwell,* for appellant.—The Railroad Commission of Texas, under the Constitution and laws of this State, was and is without power to make the order complained of by appellant, and has no authority to direct the erection or establishment by a railroad company of a depot or station unless it is shown that the point at which the depot is desired was a duly established county seat at the time the road was constructed, within a distance of three miles of the location of said railroad line. Sayles' Statutes, arts. 4422, 4483, 4492, 4493, 4494, 4519, 4532.

It appearing as it does from the record that convenient and commodious depot facilities have been established within four hundred feet of the State line in the case at bar, and that to require such

facilities to be erected at the town of Farwell will necessitate the expenditure by the railway company of a large sum of money, the order of the Commission so requiring is unreasonable, unjust, and deprives this appellant of its property without due process of law, which is a violation of section 1 of the Fourteenth Amendment to the Constitution of the United States.

*R. V. Davidson,* Attorney-General; *James D. Walthall,* Assistant Attorney-General, and *Cowan, Burney & Goree,* for appellee.—The town of Farwell is located on the line of appellant's railroad and is a "place of starting" within the meaning of the statutes of this State, and it is the duty of the appellant to establish and maintain at such place a station and suitable depot facilities for the use and accommodation of the public, and the Railroad Commission has authority to compel the performance of such duty. Rev. Stats., art. 4494, as amended in 1903 (Acts Special Session, page 21, chapter 8); Rev. Stats., art. 4519, subd. 12 of art 4562, and subd. 1 of art. 4579; Railroad Commission of Texas v. Chicago, R. I. & G. Ry. Co., 102 Texas, 393.

The town of Farwell is a town of eight hundred or more inhabitants and is the county seat of Parmer County, Texas. Appellant's railroad runs through the said town of Farwell, and under the Constitution and laws of this State it is its duty to establish and maintain there a station and suitable depot facilities for the use and accommodation of the public.

KEY, ASSOCIATE JUSTICE.—This is an injunction suit, seeking to restrain the Railroad Commission of Texas from enforcing an order made by the Commission requiring the Pecos & Northern Texas Railway Company to construct and maintain a passenger and freight station and depot at the town of Farwell on appellant's road. A preliminary injunction was issued, which, upon trial, was dissolved and final judgment was rendered in favor of the Commission, and the defendant railway company has appealed.

The undisputed testimony shows that Farwell is an incorporated town of several hundred population, located immediately on the Texas side of the dividing line between Texas and New Mexico; that on the opposite side of that line is the town of Texico in New Mexico, containing a still larger population; that appellant's road runs through the town of Farwell and terminates at the State line, where it connects with another line of railroad operated under the same management, and the two roads have a freight and passenger depot in Texico, New Mexico; but that appellant has never had and has refused to construct and maintain a station and depot at Farwell. It is also made to appear that since the construction of appellant's road, the county seat of Parmer County has been changed and is now located at Farwell. It was also shown that after proper notice and hearing the Railroad Commission had made the order complained of.

The correctness of the judgment in this case is settled by the decision of the Supreme Court in Railroad Commission of Texas v. The Chicago, R. I. & G. Ry. Co., 102 Texas, 393, which was decided in

favor of the Commission. The facts in support of the order of the Commission are stronger in this case than the one referred to, because Farwell is not only a terminus, and starting place of the railroad, but it is a county seat.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.